CANNIZZARO, J.,
Dissents with Reasons.
|TI respectfully dissent from the majority opinion. I would not reverse the attempted second degree murder conviction based on the record that is before us. Although we cannot determine from the record whether or not the amendment to the indictment occurred before or after the trial began, La.C.Cr.P. art. 487 only requires that a mistrial be ordered if the indictment is amended after a trial begins. In the instant case, the indictment could well have been amended prior to the beginning of the trial.
In the cases cited in the majority opinion, there was never any question that the charge against the defendant had been amended after the beginning of the trial. In the Wheeler case, the charge against the defendant was amended after the witnesses had testified. In the Johnson case, the bill of information charging the defendant was never formally amended, but the jury charge given by the judge broadened the possible basis for a conviction by adding a new and separate crime not contained in the bill of information for the jury to consider. In both the Wheeler and the Johnson cases, the defendant objected to the action taken. The facts of these cases are clearly distinguishable from the facts in the instant case, where there is no evidence of when the indictment was amended and where there was no objection raised by the defendant to the amended indictment.
|J would not reverse the conviction in this case until after it has been determined that the indictment was amended after the trial had begun. Therefore, I would remand this case to the trial court for an evidentiary hearing on the issue of whether the indictment was amended before or after the beginning of the trial.
ORDER
The State of Louisiana’s Motion to Supplement Record is granted.